IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONYA RENAI HERRIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-13-1351-HE |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED and REMANDED** for further proceedings consistent with this Report and Recommendation.

### I. Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 19-34). The Appeals Council denied Plaintiff's request for review, thus the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since June 30, 2007, the alleged disability onset date. At step two, the ALJ determined that Plaintiff has the following severe impairments: sleep apnea, myalgia, status post left foot surgery in January 2012, obesity, depression and anxiety. (TR. 22). At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 25).

At step four, the ALJ found that Plaintiff could perform her past relevant work as a data entry worker, and an administrative clerk. (TR. 32). The ALJ further found Plaintiff has the residual functional capacity (RFC) to perform sedentary work, except that she can only lift and/or carry and push and/or pull 10 pounds occasionally and less than 10 pounds frequently, she can stand/or walk for about two hours in an eight-hour work day and can sit for about six hours in a workday. (TR. 28). She also found Plaintiff cannot climb ladders, ropes or scaffolds, and cannot balance, but she can occasionally climb ramps and stairs, kneel, crouch, crawl and stoop. *Id.* Finally, she found Plaintiff can perform simple and some complex tasks with routine supervision, interact appropriately with supervisors and co-workers for work purposes, relate adequately to others for work matters and can adapt to work situations. *Id.*

Although the ALJ found Plaintiff not disabled at step four, she continued to step five and applied the Medical Vocational Rules (Grids), specifically Rule 201.22 and Rule 201.15, as a framework for decision making and obtained the testimony of a vocational expert (VE) who testified that Plaintiff could perform the sedentary, semi-skilled positions of clerk typist, voucher clerk and civil service clerk, which existed in significant numbers in the national and regional economies. (TR. 33-34). Accordingly, the ALJ made an alternative finding at step five that Plaintiff was not disabled from June 30, 2007, the alleged onset date, through July 30, 2012, the date of the ALJ's decision. (TR. 33-34).

### III. Issues Presented

Plaintiff's argument on appeal is that the ALJ failed to fully develop the record. In this regard, Plaintiff contends that the ALJ did not apply the appropriate analysis set forth in Social Security Ruling ("SSR") 12–2p, Titles II and XVI: Evaluation of Fibromyalgia when rendering her decision.

### IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

## V. Analysis

Five days before the ALJ's decision, the Social Security Administration ("SSA") published SSR 12–2p to assist fact finders in evaluating fibromyalgia. *See* SSR 12–2p, 2012 WL 3104869 (July 25, 2012). The agency declared in this ruling that fibromyalgia is a "complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." *Id.* at *2. Pursuant to SSR 12-2p, a claimant can establish that they have a medically determinable impairment of fibromyalgia if the claimant meets one of two different sets of criteria. *Id.* at *2-3.

The first set of criteria requires (1) a "history of widespread pain-that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)-that has persisted ... for at least 3 months" and (2) "[a]t least 11 positive tender points on physical examination ... found bilaterally (on the left and right sides of the body) and both above and below the waist" and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." *Id*.

The second set of criteria requires "all three of the following criteria," including (1) "[a] history of widespread pain," (2) "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome," and (3) "[e]vidence that other disorders

4

that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at *3.

Once a claimant is found to have a medically determinable impairment of fibromyalgia under either of these criteria, the ALJ must consider whether it "meets or equals one of [the SSA's] listings" of presumptively disabling impairments. *Id.* at *6. Because fibromyalgia is not a listed impairment, SSR 12–2p clarifies that the ALJ must "determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." *Id.*

Here, the Commissioner does not dispute the ALJ failed to apply SSR 12-2p in determining Plaintiff did not suffer from a severe impairment of fibromyalgia. Instead, the Commissioner argues that the decision should be affirmed because the ALJ included discussion of Plaintiff's diagnosis and symptoms of fibromyalgia. (ECF No. 16:7). The Commissioner's reliance on the ALJ's discussion in this regard is misplaced.

The ALJ stated that Plaintiff's medical records only show recent diagnoses of myalgia and inflammatory myopathy, but not fibromyalgia. (TR. 22). She also states that Plaintiff's treating clinician never reported a fibromyalgia diagnosis until July 2010 and never reported it thereafter. (TR. 23, 26). However, Plaintiff's medical records show that her treating clinician first diagnosed Plaintiff with fibromyalgia in November 2009. (TR. 408).

Additionally, in concluding Plaintiff's fibromyalgia was not a severe impairment, the ALJ partially relied upon Plaintiff's August 2009 examination that reflected "only 3 of 18 trigger points." (TR. 22). However, the ALJ again ignored the November 2009 examination and diagnosis that indicated Plaintiff had "[t]enderness to palpation to more than 11 trigger points." (TR. 408).

The ALJ further stated that Plaintiff did not mention problems with fibromyalgia when she met with a consultative psychologist in December 2009. (TR. 22-23). The record shows otherwise. This consultative examination occurred one month after the November 2009 diagnosis the ALJ ignored and the physician's notes include the following: "In addition, [Plaintiff] has been dealing with unexplained cramping in her arms and legs. In the past, she thought it might be fibromyalgia. She reported that she saw a psychiatrist, and he told her this cramping in her arms and legs is secondary to her depression, and there is no explanation biologically for this cramping. However, more recently, [Plaintiff's] physician believes it could be fibromyalgia." (TR. 410).

The ALJ's discussion and evaluation of Plaintiff's records pertaining to fibromyalgia is flawed. Moreover, it is not clear the ALJ applied any particular method in evaluating this condition, though she did reference the 'tender points' factor implicated by the first criteria set forth in SSR 12-2p. The undersigned is unable to determine whether the ALJ would have reached different conclusions at steps two, three, and/or four of the analysis had she properly reviewed the record and applied the second criteria in SSR 12–2p for evaluating this condition. Thus, remand on this issue is

appropriate. *See Schuster v. Colvin*, No. 13-CV-0718-WJM, 2014 WL 803461, at *3 (D.Colo. Feb. 28, 2014) (remanding a case where the court was unable to determine whether the ALJ would have found that the plaintiff was disabled if she had followed SSR 12–2p).

      Finally, the ALJ's determination that Plaintiff was not entirely credible with respect to her complaints of incapacitating pain, fatigue, and other symptoms is made problematic by her failure to properly evaluate Plaintiff's condition of fibromyalgia. For example, the ALJ discounted Plaintiff's symptoms by noting that the consultative examination in 2009 did not reveal any tender points indicative of fibromyalgia and Plaintiff had "full range of motion of all joints" and "full strength in all extremities." (TR. 23). However, as noted above, during the previous month, an examination had revealed "tenderness to palpation to more than 11 trigger points." (TR. 408). Further, SSR 12-2p notes that the symptoms and signs of fibromyalgia vary in severity over time and may even be absent on some days. SSR 12-2p, 2012 WL 3104869, at *5; *see also Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988) (persons suffering from fibromyalgia "manifest normal muscle strength and neurological reactions and have a full range of motion"); *accord Sanchez v. Astrue*, No. 08-560-CV-REB, 2009 WL 4810696, at *4 (D.Colo. Dec. 10, 2009). Upon remand and pursuant to SSR 12-2p, Plaintiff's credibility and RFC must be reassessed in light of all the evidence in the record supporting the existence of fibromyalgia as a disabling impairment.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner to be unsupported by substantial evidence. It is therefore recommended that the final decision of the Commissioner be **REVERSED and REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 16, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on March 2, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE